UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CASSIE KAMPER, | : | CIVIL ACTION |
| | : | FILE NUMBER:  1:19-cv-03289-SCJ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| YELLOWSTONE INDUSTRIES, INC. | : | |
| and MUZAFFER SARITAS, | : | |
| | : | |
| Defendants. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF YELLOWSTONE INDUSTRIES, INC.

COMES NOW MUZAFFER SARITAS ("Defendant") and hereby asserts

these affirmative defenses and answers to each and every paragraph of Plaintiff's

Complaint ("Plaintiff") as follows:

## Affirmative Defenses

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

To the extent she has any claim against Defendant, Plaintiff is barred from

recovery, in whole or in part, by offset, setoff, and recoupment.

1

## Third Defense

To the extent she has any claim against Defendant, Plaintiff is barred from recovery, in whole or in part, by the operation of one or more statutes of limitations or statutes of repose.

## Fourth Defense

To the extent she has any claim against Defendant, Plaintiff's claims are barred, in whole or in part, by her respective failures to satisfy any and all jurisdictional prerequisites or conditions precedent to filing or bringing suit.

## Fifth Defense

To the extent she has any claim against Defendant, Plaintiff's claims are barred, in whole or in part, by waiver and estoppel.

## Sixth Defense

To the extent she has any claim against Defendant, Plaintiff's claims are barred, in whole or in part, by release, satisfaction, and compromise.

## Seventh Defense

To the extent she has any claims against Defendant, Plaintiff's claims are barred, in whole or in part, by her respective failures to mitigate any damages.

### Eighth Defense

To the extent she has any claim against Defendant, Plaintiff's claims to recover the federal minimum wage are barred to the extent that Plaintiff earned at least $7.25/hour for each hour worked.

### Ninth Defense

To the extent she has any claim against Defendant, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Tenth Defense

To the extent she has any claim against Defendant, Plaintiff's claims are barred to the extent that Plaintiff has not suffered or incurred any damages or other harm as the direct and proximate result of any conduct or actions of Defendant.

### Eleventh Defense

To the extent that this Court lacks subject-matter jurisdiction over some or all of Plaintiff's claims, those claims must be dismissed.

### Twelfth Defense

To the extent she has any claim against Defendant, then to the extent that Plaintiff seeks recovery for time that is not compensable, i.e. not "hours worked" under the Fair Labor Standards Act, her claims to that extent are barred.

### Thirteenth Defense

To the extent she has any claim against Defendant, then to the extent that Plaintiff seeks damages or any other forms of relief that are not recoverable under the Fair Labor Standards Act, her claims to that extent are barred.

### Fourteenth Defense

To the extent she has any claim against Defendant, then to the extent that Plaintiff seeks to recover for time which is *de minimis* work time that is not recoverable under the Fair Labor Standards Act, her claims to that extent are barred.

### Fifteenth Defense

To the extent she has any claim against Defendant, Plaintiff's claims are barred as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to Plaintiff's principal activities.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own acts, conduct, omissions, including but not limited to, Plaintiff's failure to comply with the prevailing terms, conditions, policies and procedures governing her work.

### Seventeenth Defense

Plaintiff's claims are barred in whole or in part because any alleged acts or omissions by Defendant were in good faith conformity with, and in reliance on,

applicable statutes, regulations, orders, administrative rulings, approvals, interpretations, or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor with respect to the group to which Defendant belongs.

### Eighteenth Defense

Defendant is entitled to a credit or set-off for additional compensation paid to Plaintiff.

### Nineteenth Defense

Without admitting that any violations of the Fair Labor Standards Act occurred, Plaintiff's claims are barred, or the damages flowing therefrom must be reduced, because Plaintiff failed to notify Defendant of any alleged violations at the time of such alleged violations occurred, and/or deliberately prevented Defendant from acquiring knowledge of the alleged violations, which prevented Defendant from taking any actions to remedy the alleged violations.

### Twentieth Defense

Defendant gives notice that it intends to rely upon any other defenses that may become available or apparent during these proceedings, and reserves the right to amend its answer to assert any such defenses.

<u>Twenty-first Defense</u>

Having raised these affirmative defenses, and without compromising or waiving said defenses in any way or to any extent, Defendant responds to and answers each and every paragraph of Plaintiff's Complaint as follows:

## **ANSWER**

1.

Defendant admits that Plaintiff has filed a complaint for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*.

2.

Defendant admits the allegations in paragraph (2) two of the Complaint.

3.

Defendant denies the allegations in paragraph (3) three of the Complaint.

4.

Defendant admits the allegations in paragraph (4) of the Complaint.

5.

Defendant admits the allegations in paragraph (5) five of the Complaint.

6.

Defendant admits the allegations in paragraph (6) six of the Complaint.

7.

Defendant admits the allegations in paragraph (7) seven of the Complaint.

8.

Defendant denies the allegations in paragraph (8) eight of the Complaint.

9.

Defendant admits the allegations in paragraph (9) nine of the Complaint.

10.

Defendant admits the allegations in paragraph (10) ten of the Complaint.

11.

Defendant admits the allegations in paragraph (11) eleven of the Complaint.

12.

Defendant denies the allegations in paragraph (12) twelve of the Complaint.

13.

Defendant denies the allegations in paragraph (13) thirteen of the Complaint.

14.

Defendant denies the allegations in paragraph (14) fourteen of the

Complaint.

WHEREFORE, Defendant respectfully requests judgment that Plaintiff's

Complaint against him be dismissed, with all costs to be cast against Plaintiff

## **Jury Demand**

Muzaffer Saritas demands a trial by jury of all issues in this case.

This 29th day of September, 2019.

_____
HECTOR R. CORA
Georgia Bar No.:  187352
*Attorney for Yellowstone*
*Industries, Inc.*

HECTOR R. CORA & ASSOC., LLC
1770 Indian Trail Road, Suite 480
Norcross, Georgia 30093
Telephone:  (770) 986-7057
Facsimile:  (770) 451-0103
Email:      hectorcora@hectorcora.com

## <u>STATEMENT OF COMPLIANCE WITH FONT SIZE</u>

I hereby certify that the foregoing ANSWER AND AFFIRMATIVE

DEFENSES OF MUZAFFER SARITAS has been prepared with 14-Point Times

New Roman font, which is one of the fonts and point selections approved by the

Court in LR 5.1C, N.D. Ga.

This the 29th day of September, 2019.

_____
HECTOR R. CORA
Georgia Bar No.:  187352
*Attorney for Yellowstone*
*Industries, Inc.*

HECTOR R. CORA & ASSOC., LLC
1770 Indian Trail Road, Suite 480
Norcross, Georgia 30093
Telephone:  (770) 986-7057
Facsimile:   (770) 451-0103
Email:        hectorcora@hectorcora.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2019, I electronically filed this

ANSWER AND AFFIRMATIVE DEFENSES OF MUZAFFER SARITAS with

the Clerk of Court using the CM/ECF electronic filing system, as mandated by

Northern District of Georgia Civil Local Rule 5.1(A) and as approved by Standing

Order No. 04-01 of this Court, which will send electronic notice of such filing to

all counsel of record in this action.

This the 29th day of September, 2019.


_____
HECTOR R. CORA
Georgia Bar No.:  187352
*Attorney for Yellowstone*
*Industries, Inc.*


HECTOR R. CORA & ASSOC., LLC
1770 Indian Trail Road, Suite 480
Norcross, Georgia 30093
Telephone:  (770) 986-7057
Facsimile:  (770) 451-0103
Email:      hectorcora@hectorcora.com